IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BERNARD N. CHRISTIAN         :
                                                    :
      v.                                      :      CIVIL NO. CCB-08-2454
                                                    :      Criminal No. CCB-03-0351
UNITED STATES OF AMERICA    :

...o0o...

**<u>MEMORANDUM</u>**

Now pending is a motion to vacate under 28 U.S.C. § 2255, filed by federal prison inmate Bernard N. Christian, who was convicted by a jury of conspiracy to distribute five or more kilograms of cocaine.[1] On February 4, 2005, Christian was sentenced to 188 months incarceration, followed by five years of supervised release. His appeal was denied by the Fourth Circuit. *United States v. Mitchell*, 226 Fed. Appx. 320 (4th Cir. 2007). A petition for certiorari to the Supreme Court also was denied, and this timely § 2255 petition followed. For the reasons stated below, it will be denied.

Christian raises numerous allegations of ineffective assistance of counsel. Preliminarily, the government responds that ineffective assistance was raised in the defendant's reply brief and discussed during oral argument on appeal and is therefore barred from consideration on a § 2255 motion. Ordinarily, however, claims of ineffective assistance are not cognizable on direct appeal unless the ineffective assistance conclusively appears on the record. *See United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008). Any ineffective assistance claim that may have been raised in this case was not addressed by the Fourth Circuit in its opinion. 226 Fed. Appx. 320. Accordingly, these claims are not barred from collateral review.

---

[1] By special verdict, the jury found Christian responsible for more than 50 kilograms of cocaine.

To establish a claim of ineffective assistance, Christian must show both deficient performance and prejudice resulting from the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Terry,* 366 F.3d 312, 314 (4th Cir. 2004). He has not made that showing as to any of the claims he raises.

First, Christian contends that his trial counsel was ineffective for failing to file a suppression motion as to the interception and seizure of various packages shipped by Federal Express, which contained cocaine or large quantities of cash. None were sent by or addressed to Christian, and he has shown no standing to challenge the seizures. Experienced trial counsel no doubt was aware that a motion to suppress would have been futile.

Second, Christian complains that counsel failed to interview potential defense witnesses. The three he identifies, however, co-workers at Federal Express, could at best have established that others had access to the packages as well as Christian, and that he did not have exclusive control over the route.[2] Assuming without deciding that counsel was ineffective in failing to interview them, there is no likelihood this information would have affected the outcome of the trial in light of all the evidence presented against Christian.

Third, Christian asserts that counsel was ineffective for failing to challenge the instructions given to the jury on determining the quantity of cocaine reasonably foreseeable to Christian. He offers no specific alternative, however, nor any case law to suggest the

---

[2] Christian summarizes their purported testimony but provides no affidavits from these individuals.

instructions given were erroneous.[3]  There is no basis to find counsel ineffective.[4]

Fourth, Christian claims that appellate counsel was ineffective for failing to raise a *Booker*[5] challenge to the sentencing.  *Booker* was decided prior to Christian's sentencing, however, and the Fourth Circuit also had provided guidance in the case of *United States v. Hughes*, 396 F.3d 374 (4th Cir. 2005), *amended on other grounds by* 401 F.3d 540 (4th Cir. 2005).  As the sentencing transcript reflects, the procedure followed by the court was consistent with *Booker* and did not give controlling weight to the Guidelines.  Accordingly, there was no basis to challenge the sentence on appeal.[6]  Further, trial counsel may have been unsuccessful in

---

[3] While the jury instructions were challenged on appeal, it does not appear that this particular objection was addressed by the Fourth Circuit.

[4] It should be noted that the jury was able to differentiate among the defendants, attributing only 50-150 kilograms to Christian but over 150 to his co-defendant, Ralph Williams.

[5] *United States v. Booker*, 543 U.S. 220 (2005).

[6] Specifically, the transcript reflects the following:

> Let me, before you start, let me just indicate where I think we are on sentencing generally, following the Supreme Court case in *Booker* and *Fan Fan*.
> The Fourth Circuit has provided some guidance in the case of *United States versus David C. Hughes*, which was decided January 24, 2005, certainly consistent with my own understanding of the *Booker* opinion, particularly Justice Breyer's section, the remedial section.
> It indicates, the Fourth Circuit has indicated that the discretion of the sentencing court is no longer bound by the range prescribed by the Guidelines, but nevertheless, the sentencing court is required to consult the Guidelines and take them into account when sentencing.
> So I believe that I am directed to first calculate, after making appropriate findings of fact, the range prescribed by the Guidelines, consider that, as well as other relevant factors in the Guidelines and the factors set forth in 18 U.S.C., Section 3553(a)

3

persuading the court on all issues, but his performance was not legally deficient; indeed, he argued vigorously to the court about drug quantity and role, and a reduction for minor role was in fact granted.  (*See* Tr. 2/4/05 at 14-20, 41.)

Finally, as to appellate counsel, there was no basis for severance, nor was there any *Crawford* violation; therefore, appellate counsel was not ineffective for failing to raise these issues.

Accordingly, the motion to vacate will be denied and dismissed, without an evidentiary hearing.  A separate order follows.

| | |
|---|---|
| __April 29, 2009__ | _____/s/_____ |
| Date | Catherine C. Blake |
| | United States District Judge |

---

before imposing a sentence.  If I go outside the Guideline range, of course, I need to explain the specific reasons for doing that.
   That is my understanding of the way I ought to be proceeding on sentencing.  Does anyone have any disagreement with that?
   MR. WARWICK: No, Your Honor.  I concur with that analysis.
   MR. WALKER: Likewise.

(Tr. 2/4/05 at 3-4.)